UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHARMACIA LLC,<br>(formerly known as MONSANTO CO.,)<br>　　　　　and<br>SOLUTIA, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:13-cv-00138-JPG-PMF |

## **AMENDED COMPLAINT**

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Amended Complaint and alleges that:

STATEMENT OF THE CASE

1.　　This is a civil action brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.*, as amended ("CERCLA") for recovery of response costs incurred by the United States in connection with an Administrative Order for Remedial Design and Interim Remedial Action, Docket No. V-W-02-C-716 (the "UAO"), issued by EPA pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, and for recovery of associated prejudgment interest on such costs.  More specifically, the UAO required Defendants and others to implement interim remedial measures as part of a groundwater operable unit remedy ("Sauget Groundwater OU") intended to control releases of contaminated groundwater into the Mississippi River from the Sauget Area 2 and Area 1 Superfund sites, and the United States has incurred response costs both in connection with overseeing implementation of the work required under the UAO, and in connection with enforcement activities relating to issuance and implementation of the UAO.  In this action, the United States also seeks declaratory relief that the Defendants will be liable for further response costs as provided in 42 U.S.C. § 9613(g)(2).

JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to CERCLA Sections 107(a) and 113(b), 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this district pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) because the release or threat of release of hazardous substances giving rise to this claim occurred in this district and because the Sauget Groundwater OU is located in this district.

DEFENDANTS

4.      Pharmacia LLC ("Pharmacia") is a Delaware corporation that is licensed to do business and transacts business in Illinois.  Originally incorporated under the name Monsanto Chemical Company, later changed to Monsanto Company, it changed its name to Pharmacia Corporation on March 31, 2000 and, more recently, changed its corporate entity to a limited liability company.  Pharmacia's principal place of business is located in New York, New York.

5.      Solutia, Inc. ("Solutia") is a Delaware corporation that is licensed to do business and transacts business in Illinois.  Solutia was incorporated on April 1, 1997 and is a wholly-owned subsidiary of Pharmacia.

6.      Pharmacia and Solutia are "persons" within the meaning of CERCLA Sections 101(21) and 107, 42 U.S.C. §§ 9601(21) and 9607.

GENERAL ALLEGATIONS

7.      Sauget Area 2 is a Superfund site that is located on the eastern side of the Mississippi River directly opposite St. Louis, Missouri, and within the boundaries of the City of East St. Louis and the Villages of Cahokia and Sauget, Illinois.  Sauget Area 2 consists of five inactive disposal areas (Sites O, P, Q, R and S) covering approximately 200 acres situated within a floodplain of the Mississippi River called the American Bottoms.  The floodplain is relatively flat and generally slopes from north to south and from east to west.

8.      To the east of Sauget Area 2 is another Superfund site known as Sauget Area 1, consisting of approximately 55 acres of stream segments and former disposal areas (Segments A-F of Dead Creek and Sites G, H, I, L, M and N).  The surrounding area contains various industrial facilities, including the W.G. Krummrich plant to the north of Sauget Area 1 and the

2

Clayton Chemical facility west of Sauget Area 1.

9.      During low river stage conditions, groundwater within Sauget Area 1 and Sauget Area 2 flows generally from east to west and releases to the Mississippi River.  When flood stage occurs in the Mississippi River, groundwater flow reverses, moving from west to east.

10.     Site R in Sauget Area 2 consists of a former landfill, sometimes referred to as the "River's Edge Landfill," that occupied approximately 22-acres of the 36-acre site located between the flood control levee and the Mississippi River.  The landfill was owned by Monsanto and operated by Industrial Salvage and Disposal, Inc. (later known as Sauget & Co.) for Monsanto from 1957 to 1977.  Hazardous and non-hazardous bulk liquid wastes, bulk solid chemical wastes, and drummed chemical wastes from Monsanto's W.G. Krummrich plant and its Queeny plant were disposed at Site R.

11.     There has been extensive sampling at Site R by U.S. EPA, Illinois EPA and Monsanto dating back to the early 1980s.  Testing of soil, groundwater and surface water at Site R has detected elevated levels of volatile and semi-volatile organic compounds, polychlorinated biphenyls, metals, and pesticides.

12.     The source areas of the groundwater contamination within the Sauget Groundwater OU is suspected to be various disposal areas and facilities in the Sauget area.  Four waste disposal sites at Sauget Area 2 (Sites O, Q, R and S) are believed to be contributing to the groundwater contamination.  Some areas beyond Sauget Area 2, including the Sauget Area 1 disposal area known as Site I, the W.G. Krummrich Plant and the Clayton Chemical facility are also believed to be contributing to the groundwater contamination in the Sauget Groundwater OU.

13.     EPA found that groundwater contamination downgradient from various industrial facilities was releasing into the Mississippi River.  Based upon available data and a Baseline Ecological Risk Assessment, EPA concluded that action needed to be taken to prevent groundwater contamination from releasing into the Mississippi River.  This action was found by EPA to be necessary to protect public health or welfare or the environment from actual or threatened releases of hazardous substances into the environment.

14. Defendants submitted a Focused Feasability Study ("FFS") to EPA on April 1, 2002, which proposed an Interim Groundwater Remedy consisting of a slurry wall to be built at Site R parallel to the Mississippi River.

15. On September 30, 2002, EPA issued a Record of Decision in which it called for implementation of the Interim Groundwater Remedy at Site R.  The selected remedy included the installation of a 3,500 foot long U-shaped, fully penetrating, jet grouted barrier wall installed between the down gradient boundary of Sauget Area 2 Site R and the Mississippi River, institutional controls, groundwater recovery wells, the discharge and treatment of extracted groundwater, and groundwater quality monitoring, groundwater level monitoring and surface water monitoring.

16. The selected remedy is an interim remedial action for the groundwater operable unit at the Sauget Area 2 Site.  EPA has not yet issued a Record of Decision for the final remedial action to address groundwater contamination.

17. On October 3, 2002, pursuant to CERCLA Section 106, 42 U.S.C. § 9606, EPA issued a unilateral administrative order ("UAO") to Pharmacia, Solutia and 74 other potentially responsible parties.  The UAO directed recipients to implement the interim remedial measures selected by EPA in the September 30, 2002 ROD referred to above.  Defendants began construction of the Sauget Groundwater OU Interim Remedy in August 2003 and completed it in November 2005.

18. The Sauget Groundwater OU and the sources of the contamination, including Sites I, O, Q, R and S and the W.G. Krummrich plant, are "facilities" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

19. Contaminants identified in the soil, groundwater and/or surface water at the Sauget Groundwater OU, including VOCs, SVOCs, pesticides, polychlorinated biphenyls, and metals, are "hazardous substances" as that term is defined in CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

20. There have been "releases," and "threatened releases" of hazardous substances at or from the Sauget Groundwater OU, as those terms are defined in CERCLA Sections 101(29) and 101(22), 42 U.S.C. §§ 9601(29) and (22).

21.    Releases and threatened releases at the Sauget Groundwater OU have caused and will cause the United States to incur "response" costs within the meaning of CERCLA Sections 101(25) and 107(a), 42 U.S.C. §§ 9601(25), 9607(a).  The response actions taken and the response costs incurred by the United States at the Sauget Groundwater OU are not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

22.    EPA has incurred costs in overseeing work conducted by defendants pursuant to the UAO.  Although defendants have reimbursed EPA for some of its oversight costs related to the Sauget Groundwater OU, there remain unreimbursed response costs of over $1 million.  These costs include, but are not limited to, EPA payroll costs, enforcement costs, oversight costs, contractor costs, and indirect costs.

23.    On or about December 23, 2008, the United States demanded payment from Defendants of a specified amount, representing the amount of unrecovered response costs incurred by the United States at that time.  At Defendants' request, EPA granted an extension of time to pay these response costs.  That extension expired on January 15, 2010.  Defendants have not paid these response costs.

24.    The United States continues to incur response costs, including the costs it incurs in seeking to recover money spent for actions taken at the Sauget Groundwater OU.

25.    CERCLA Section 107(a), 42 U.S.C. § 9607(a), provides, in pertinent part, as follows:

(1)    the owner and operator of a vessel or a facility,

(2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3)    any person who . . . arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person . . . by any other party . . . at any facility . . . owned or operated by another party . . . and containing such hazardous substances . . .

shall be liable for

(A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . .

The amounts recoverable in an action under this section shall include interest on the amounts recovered under subparagraphs (A) through (D). Such interest shall accrue from the later of (I) the date payment of a

specified amount is demanded in writing, or (ii) the date of the expenditure concerned.  The rate of interest on the outstanding unpaid balance of the amounts recoverable under this section shall be the same rate as is specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26.

FIRST CLAIM FOR RELIEF
(Against Solutia as the Current Owner of Portions of the Sauget Groundwater OU)

26.    Paragraphs 1 through 25 are realleged and incorporated herein.

27.    Defendant Solutia, as successor to Monsanto Co., is the current "owner or operator" of portions of the Sauget Groundwater OU, including Site R and the W.G. Krummrich plant, within the meaning of CERCLA Sections 101(20)(A) and 107(a)(1), 42 U.S.C. §§ 9601(20)(A), 9607(a)(1).

28.    Solutia is jointly and severally liable to the United States for all costs of response actions, including enforcement costs, incurred by the United States in connection with the release of hazardous substances at the Sauget Groundwater OU.

29.    Solutia is jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for prejudgment interest on the United States' response costs.

SECOND CLAIM FOR RELIEF
(Against Defendants as Owners and/or Operators During Disposal)

30.    Paragraphs 1 through 25 are realleged and incorporated herein.

31.    Defendants, as successor to Monsanto Co., are both an "owner or operator" of portions of the Sauget Groundwater OU at the time of the disposal of hazardous substances, including Site R and the W.G. Krummrich plant, within the meaning of CERCLA Sections 101(20)(A) and 107(a)(2), 42 U.S.C. §§ 9601(20)(A), 9607(a)(2).

32.    Defendants are jointly and severally liable to the United States for all costs of response actions, including enforcement costs, incurred by the United States in connection with the release of hazardous substances at the Sauget Groundwater OU.

33.    Defendants are jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for prejudgment interest on the United States' response costs.

THIRD CLAIM FOR RELIEF
(Against Defendants as Arranger for Disposal)

34. Paragraphs 1 through 25 are realleged and incorporated herein.

35. Defendants, as successor to Monsanto, arranged for the "disposal" or "treatment" of hazardous substances at the Sauget Groundwater OU, including certain disposal at Sites I, O, Q, R and S within the meaning of CERCLA Sections 101(29) and 107(a)(3), 42 U.S.C. §§ 9601(29), 9607(a)(3).

36. Defendants are jointly and severally liable to the United States for all costs of response actions, including enforcement costs, incurred by the United States in connection with the release of hazardous substances at the Sauget Groundwater OU.

37. Defendants are jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for prejudgment interest on the United States' response costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), enter a judgment in favor of the United States and against the Defendants that the Defendants are jointly and severally liable for all response costs incurred by the United States in connection with the Sauget Groundwater OU, including enforcement costs and prejudgment interest;

2. Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), enter a declaratory judgment of joint and several liability in favor of the United States and against the Defendants that will be binding on any subsequent action or actions to recover further response costs in connection with the Sauget Groundwater OU;

3. Award the United States its costs of bringing this action; and

4.      Award such other relief as this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES

IGNACIA S. MORENO
Assistant Attorney General
Environmental and Natural Resources Division

 s/Robert E. Maher, Jr. (with consent)
ROBERT E. MAHER, JR.
Acting Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

 s/Michael J. Zoeller
MICHAEL J. ZOELLER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, PO Box 7611
Washington, DC  20044
Tel: (202) 305-1478
Fax: (202) 616-6584
michael.zoeller@usdoj.gov

STEPHEN R. WIGGINGTON
United States Attorney
Southern District of Illinois

 s/James Hipkiss (with consent)
JAMES HIPKISS
Assistant United States Attorney
Office of the United States Attorney for the
Southern District of Illinois
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700

OF COUNSEL:
THOMAS J. MARTIN
Associate Regional Counsel
U.S. Environmental Protection
  Agency-Region 5 (C-14J)
77 West Jackson Blvd.
Chicago, IL  0604-3507
(312) 886-4273