UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**PHARMACIA LLC, (formerly known as MONSANTO COMPANY) and SOLUTIA INC.,**

**Defendants/ Third-Party Plaintiffs,**          Case No. 13-cv-138-DRH-PMF

v.

**ALLIED HEALTHCARE PRODUCTS, INC., CHEMETRON – MEDICAL PRODUCTS, INC.,** *et. al*,

**Third-Party Defendants.**

## MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

Before the Court is Illinois Central Railroad Company's (ICRC) motion to intervene and vacate this court's November 25, 2013 order and allow it to file its objections, if any, to the settlement agreements that were the subject thereof (Doc. 28). Defendants Pharmacia LLC (Pharmacia) and Solutia Inc. (Solutia) (collectively, defendants/third-party plaintiffs) have responded in opposition (Doc. 33). For the following reasons, the Court agrees with defendants/third-party plaintiffs and **DENIES** ICRC's motion (Doc. 28).

On November 22, 2013, defendants/third-party plaintiffs moved for District Judge Murphy's approval of settlement agreements between defendants/third-party plaintiffs and certain settling third-party defendants (Doc. 22). The settlement agreements at issue are filed *ex parte* under seal with the approval of Judge Murphy. Judge Murphy granted defendants/third-party plaintiffs' motion for approval of the settlement agreements on November 25, 2013, dismissing the settling third-party defendants with prejudice (Doc. 23). Relevantly, this approval order granted the settling third-party defendants, "contribution protection to prevent non-settling defendants and others from asserting contribution claims against the Settling Defendants for claims covered by the settlement agreements" (Doc. 23). On December 2, 2013, in light of Judge Murphy's retirement, this case was randomly reassigned to the undersigned (Doc. 25).

On December 23, 2013, ICRC moved to vacate Judge Murphy's order, citing the contribution protection afforded the settling third-party defendants. ICRC generically seeks to intervene in this action and possibly object to the settlement agreements.[1] The Court has reviewed ICRC's motion and finds it has not provided the Court with authority capable of convincing it that vacating Judge Murphy's order is warranted at this juncture.

Judge Murphy's (and the undersigned's) experience in the approval of CERCLA settlements similar to this one is extensive and notable. The hurdle of vacating a district judge's order aside, it is unsettled in the Seventh Circuit

---

[1] ICRC also attaches a proposed third-party complaint. As its motion does not request leave to file a third-party complaint, the Court will not consider the proposed pleading. *See* SDIL-LR 7.1(a).

whether ICRC's desire to possibly object to the contribution protection afforded the settling third-party defendants in the private settlement agreements amounts to the type of "interest" contemplated in 42 U.S.C. § 9613(i) or Rule 24. This Court is not convinced that intervention is appropriate in this instance.

The defendants/third party plaintiffs point to the portion of Judge Murphy's order which states that the, "[l]iability of the non-settling parties shall be reduced by the total amount of money paid in the Settlement Agreements." The defendants/third party plaintiffs state that ICRC, should it eventually be made a third-party defendant to this action and settle its claims, will accordingly have its potential liability reduced by the value of these settlements. Although ICRC does not state as such, it appears it would like this Court to first vacate Judge Murphy's order. Then, without reference to time-frame, this Court should allow ICRC access to the *ex parte* sealed settlement agreements to enable ICRC to determine whether it feels the settlement amounts are large enough to adequately protect its "interests." ICRC has neither requested a specific basis for relief, nor provided authority, which convinces the Court that the extraordinary remedy of vacating another district judge's order is warranted.

This Court shall not vacate Judge Murphy's November 25, 2013 order approving the settlement agreements and dismissing the settling third-party defendants with prejudice at this time. Thus, the Court **DENIES** ICRC's request that this Court vacate Judge Murphy's November 25, 2013 order and allow it to

file its objections, if any, to the settlement agreements (Doc. 28).[2] ICRC is terminated from the docket sheet in this matter at this time.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.28 16:28:37 -06'00'

**Chief Judge**
**United States District Judge**

---

[2] Reply briefs are not favored in this District and the Court finds that a reply is not necessary in this instance. See SDIL-LR 7.1(g).