IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-138-SMY-PMF |
| | ) |
| PHARMACIA LLC, formerly known as | ) |
| Monsanto Co., and SOLUTIA INC., | ) |
| | ) |
| Defendants. | ) |

### UNITED STATES' UNOPPOSED MOTION
### FOR ENTRY OF CONSENT DECREE

The United States of America ("United States"), through its undersigned counsel, respectfully moves the Court to grant the accompanying proposed "Order Entering Consent Decree," and sign and enter the Consent Decree lodged with this Court on March 11, 2015 (hereinafter "Consent Decree"). The United States received no comments on the proposed Consent Decree after publishing notice of its lodging in the Federal Register. The United States continues to believe that the settlement is fair, reasonable, and consistent with the relevant statutory purposes. Both Defendants consent to entry of the Consent Decree.

### BACKGROUND

1. On February 14, 2013, the United States filed a Complaint against Pharmacia LLC ("Pharmacia") and Solutia Inc. ("Solutia") asserting claims under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499. Through the complaint, the United States sought to recover all its response costs incurred in connection with an Administrative Order for Remedial Design and

Interim Remedial Action, Docket No. V-W-02-C-716 (the "2002 UAO") issued to implement a groundwater operable unit for Sauget Area 2 groundwater contamination in St. Clair County, Illinois.

2. Defendants filed an answer and a counterclaim against the United States seeking contribution, pursuant to 42 U.S.C. § 9613. In subsequent filings, Defendants filed third-party actions against at least 100 third-party defendants. Through settlements and court rulings, most of these third-party defendants have been dismissed. The proposed Consent Decree is only between plaintiff United States and the only two defendants, Solutia and Pharmacia.

3. On March 11, 2015, the United States lodged with this Court a proposed Consent Decree. (Docket No. 310). The proposed Decree would resolve, as to the 2002 UAO: (1) the amount of the United States' past response costs incurred as of July 31, 2014, to be paid by the Defendants and the United States as a counterclaim contribution defendant; and (2) a procedure for paying the United States' future oversight costs. The United States published notice of the proposed Consent Decree in the Federal Register, 80 Fed. Reg. 13,892 (Mar. 17, 2015), and that notice solicited public comment on the Decree for a 30-day period, in accordance with 28 C.F.R. § 50.7 and Department of Justice policy. That public comment period ended on April 16, 2015. The United States received no comments on the proposed Consent Decree.

4. The United States now requests that the Court sign and enter the Consent Decree for the reasons set forth below.

5. Entry of the proposed Consent Decree resolves all claims in this case between Plaintiff and Defendants. Consequently, after entry of the proposed Consent Decree the Court

should issue final judgment and close this matter with prejudice, although the Court will retain jurisdiction to enforce the terms of the Consent Decree.

## STANDARD OF REVIEW

6.  Voluntary settlement of legal disputes is favored by the courts and is generally perceived to be in the public interest. *See Metropolitan Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980); *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). The public policy favoring the resolution of litigation through settlements is "particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal agency, like the Environmental Protection Agency ('EPA'), which enjoys substantial expertise in the environmental field." *United States v. BP Exploration and Oil Co.*, 167 F.Supp.2d 1045, 1050 (N.D. Ind. 2001) (citing *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991)); *see also In re Acushnet River & New Bedford Harbor*, 712 F.Supp. 1019, 1029 (D. Mass. 1989) (The "Congressional purpose [of protecting and preserving public health and the environment] is better served through settlements which provide funds to enhance environmental protection, rather than the expenditure of limited resources on protracted litigation").

7.  The standard of review for consent decrees negotiated by the Government is highly deferential. *See United States v. Davis*, 261 F.3d 1, 21 (1st Cir. 2001) (district courts should exercise "[c]onsiderable deference" in the review of a CERCLA consent decree to which an administrative agency is a party). In doing so, the court reviews whether the settlement is fair, adequate and reasonable, and consistent with applicable law. *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 371 (7th Cir. 2011); *Metropolitan Housing*, 616 F.2d at 1014;

*United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84-85 (1st Cir. 1990); *Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines*, 630 F.2d 1164, 1167 (7th Cir. 1980) (settlements should be "fair, reasonable and adequate"); *Donovan v. Estate of Fitzsimmons*, 778 F.2d 308 (7th Cir. 1985); *BP Exploration*, 167 F.Supp.2d at 1049-50; *United States v. Seymour Recycling Corp.*, 554 F.Supp. 1334, 1337 (S.D. Ind. 1982).  In examining a consent decree, however, it is not the duty of the court to determine "whether the settlement is one which the court itself might have fashioned, or consider[ed] as ideal . . . ."  *Cannons Eng'g Corp.*, 899 F.2d at 84.  "In the absence of fraud or collusion, the trial court 'should be hesitant to substitute its own judgment for that of counsel.'"  *Ruiz v. McKaskle*, 724 F.2d 1149, 1152 (5th Cir. 1984) (citations omitted); *accord Akzo Coatings*, 949 F.2d at 1435; *United States v. PolyOne Corp.*, No. 13-cv-1550, 2014 WL 2781831 (C.D. Ill. June 19, 2014) (citing *United States v. Wisconsin Elec. Power Co.*, 522 F.Supp.2d 1107, 1112 (E.D. Wisc. 2007)).

TERMS OF CONSENT DECREE AND OTHER CONSIDERATIONS

8.   The proposed Consent Decree will directly recover $1,709,600 (approximately 95%) of the United States' unreimbursed past response costs incurred through July 31, 2014, and puts in place an agreement to recover future oversight costs incurred by EPA.  Within thirty days of entry of the proposed Consent Decree, defendants Solutia and Pharmacia (referred to in the Consent Decree as "Settling Defendants") will collectively pay $1,700,000 in exchange for a covenant from the United States not to sue them for any past response costs incurred on or before July 31, 2014, and protection from claims in accordance with CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2).

9. The Settling Federal Agencies will pay $9,600 in exchange for a covenant from EPA not to take administrative action, and from the Settling Defendants not to sue them for any response costs related to the 2002 UAO.[1] In addition, Solutia and Pharmacia will indemnify, hold harmless, and reimburse (but not defend) the United States for any costs related to any claims asserted against the United States by any other person relating to the 2002 UAO allegedly attributable to the Settling Federal Agencies for the release of hazardous substances (except for damages to natural resources or for property damage or bodily injury related to the alleged exposure to CERCLA hazardous substances). The Settling Federal Agencies also receive protection from claims in accordance with CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2).

10. Under Section XII of the proposed Consent Decree, this Court would retain jurisdiction of this matter for the duration of its performance for the purpose of interpreting and enforcing the terms of the proposed Consent Decree.

11. The settlement embodied in the proposed Consent Decree constitutes the United States' best efforts to resolve this case in a manner consistent with the interests of the public. As discussed herein, the United States believes that the proposed Consent Decree is fair, reasonable, consistent with the purposes of the CERCLA, and in the public interest.

12. Pursuant to Paragraph 36 of the proposed Consent Decree, Settling Defendants consent to entry of the Consent Decree without further notice.

---

[1] The Settling Federal Agencies are the U.S. Air Force and U.S. Department of Agriculture.

THE CONSENT DECREE IS FAIR, REASONABLE AND ADEQUATE

13. This Consent Decree satisfies each of the requirements necessary for approval. First, the Consent Decree is procedurally fair because it is a product of extensive arms-length negotiations – which was informed by extensive discovery and conducted by qualified outside counsel for each party – and has been made available for public comment. *See United States v. Fort James Operating Co.*, 313 F.Supp.2d 902, 907 (E.D. Wis. 2004) (fairness inquiry includes the candor and openness of the parties' negotiations and whether they dealt with each other at arms length); *BP Exploration*, 167 F.Supp.2d at 1051-52 (procedural fairness is satisfied as long as the consent decree is lodged for public comment and there is no bad faith or collusion in negotiations).

14. Second, the Decree is substantively fair and reasonable because it assigns responsibility based upon the Settling Defendants' relative contribution to the conditions that required entry of the 2002 UAO and in light of Settling Defendants' rights to pursue and hold other third-party defendants liable for a portion of the response costs incurred by the United States and Settling Defendants. Accordingly, Settling Defendants collectively are reimbursing the vast majority of the United States' past response costs and have reached, and the court has approved, settlements with numerous third-party defendants. Further, the settlement is fair and reasonable with respect to the Settling Federal Agencies as their alleged responsibility at the Site is premised on a relatively limited connection to the 2002 UAO by virtue of allegedly arranging for the disposal of a small quantity of material at the Clayton Chemical site by the U.S. Air Force and the U.S. Department of Agriculture. In addition, the Settling Federal Agencies find this to be an appropriate result as it avoids costly litigation and addresses the litigation risks associated

with establishing liability and generating an equitable allocation of the response costs under CERCLA, particularly for such a minor share of responsibility as an arranger.

15. Finally, the Consent Decree is consistent with the statutory purposes of CERCLA because it: (1) requires responsible parties to reimburse the Superfund for an appropriate share of response costs incurred with respect to the 2002 UAO; and (2) allows resources to be put toward cleanup rather than transaction and litigation costs. *See, e.g., Akzo Coatings*, 949 F.2d at 1439; *Davis*, 261 F.3d at 26-27; *Fort James*, 313 F.Supp.2d at 911. In addition, the terms of this Consent Decree are consistent with the model Consent Decree for recovery of past response costs and similar decrees have been entered in numerous other actions, including the consent decrees regarding recovery of past response costs at Sauget Area 1 entered by this Court on April 19, 2004 and December 15, 2009 in *United States v. Pharmacia Corp.*, No. 99-cv-063 (S.D. Ill.).

16. The United States has received no public comments on the proposed Consent Decree and has discovered no information that would suggest it is inappropriate, improper, or inadequate. As explained above, in its complaint, the United States seeks reimbursement, under CERCLA Section 107, 42 U.S.C. §9607, of the costs incurred by the United States in responding to the release and/or threatened release of hazardous substances related to the 2002 UAO. Under the proposed Consent Decree, the settling parties would reimburse the United States for a substantial portion of those past response costs.

CONCLUSION

17.     The Consent Decree represents the parties' best efforts to resolve the United States' claims with respect to the 2002 UAO, as well as its obligations.  Under the proposed Consent Decree, the settling parties will reimburse the United States virtually all of its past response costs.  The Consent Decree also resolves counterclaims against the United States.  Accordingly, the settlement is reasonable.  Moreover, the settlement is in the public interest.  It implements the purposes of CERCLA by providing a prompt response to releases of hazardous substances related to the 2002 UAO, while assuring that those responsible for the pollution bear the burden of paying for and cleaning up that contamination.

WHEREFORE, the Court should grant the United States' Unopposed Motion for Entry of Consent Decree, sign the attached proposed order and sign and enter the Consent Decree as a final judgment in this matter for the respective Settling Defendants and as to the Settling Defendants' counterclaims against the United States.

Dated:  April 23, 2015                                      Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General


 s/ *Michael J. Zoeller*                                     *s/Jennifer E. Powell (with consent)*
MICHAEL J. ZOELLER                         JENNIFER E. POWELL
NIGEL COONEY                                    Trial Attorney
Trial Attorneys                                        Environmental Defense Section
Environmental Enforcement Section      Environment & Natural Resources Division
Environment & Natural Resources Division    U.S. Department of Justice
U.S. Department of Justice                    Ben Franklin Station, P.O. Box 7611
Ben Franklin Station, P.O. Box 7611      Washington, D.C.  20044
Washington, DC  20044                          (202) 514-1978
Tel:  (202) 305-1478                               Fax (202) 514-8865
Fax:  (202) 616-6584                              jennifer.powell@usdoj.gov
michael.zoeller@usdoj.gov

STEPHEN R. WIGGINGTON
United States Attorney
Southern District of Illinois


 *s/Nathan D. Stump (with consent)*
NATHAN D. STUMP
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Tel: (618) 628-3700
Fax: (618) 622-3810
Email: nathan.stump@usdoj.gov

STEPHEN R. WIGGINGTON
United States Attorney
Southern District of Illinois


 *s/Nathan D. Stump (with consent)*
NATHAN D. STUMP
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Tel: (618) 628-3700
Fax: (618) 622-3810
Email: nathan.stump@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 23, 2015, I electronically filed the UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, including the following:

| | |
|---|---|
| Matthew R Campobasso | mcampobasso@freebornpeters.com |
| Bernard J. Ysursa, Sr. | bjy@cooklawoffice.com |
| Jason A. Flower | jason.flower@huschblackwell.com |
| Jonathan R. Waldron | jonathan.waldron@huschblackwell.com |
| Joseph G. Nassif | joseph.nassif@huschblackwell.com |
| Jennifer E. Powell | jennifer.powell@usdoj.gov |

            s/ *Michael J. Zoeller*
            MICHAEL J. ZOELLER
            Environmental Enforcement Section
            Environment and Natural Resources Division
            P.O. Box 7611
            Washington, D.C. 20044-7611