Case 3:13-cv-00138-SMY-PMF  Document 310-1  Filed 03/11/15  Page 1 of 21  Page ID #3951

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-138-SMY |
| | ) |
| PHARMACIA LLC, formerly known as | ) CJRA TRACK: D |
| Monsanto Company, and SOLUTIA INC., | ) |
| | ) Trial Date: Dec. 7, 2015 |
| Defendants. | ) |

## CONSENT DECREE

### TABLE OF CONTENTS

I.  BACKGROUND .......................................................................................................... 1

II.  JURISDICTION ......................................................................................................... 1

III.  PARTIES BOUND ..................................................................................................... 1

IV.  DEFINITIONS............................................................................................................ 1

V.  PAYMENT OF RESPONSE COSTS......................................................................... 4

VI.  FAILURE TO COMPLY WITH CONSENT DECREE ............................................ 7

VII.  COVENANTS BY PLAINTIFF ................................................................................. 8

VIII.  RESERVATION OF RIGHTS BY UNITED STATES ............................................. 8

IX.  COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL

AGENCIES................................................................................................................. 9

X.  EFFECT OF SETTLEMENT/CONTRIBUTION ................................................... 11

XI.  NOTICES AND SUBMISSIONS............................................................................. 12

XII.  RETENTION OF JURISDICTION .......................................................................... 13

XIII.  INTEGRATION/APPENDIX ................................................................................... 14

XIV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................ 14

XV.  SIGNATORIES/SERVICE....................................................................................... 14

XVI.  FINAL JUDGMENT ................................................................................................ 15

2002 UAO ........................................................................................................APPENDIX A

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of oversight costs and other response costs incurred or to be incurred in connection with an Administrative Order for Remedial Design and Interim Remedial Action, Docket No. V-W-02-C-716, issued by EPA on September 30, 2002 (the "2002 UAO"), attached hereto as Appendix A.

B.    The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.  Settling Federal Agencies do not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by Settling Defendants.

C.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States, and upon Settling Defendants and their successors and assigns.  Any change in ownership or corporate or other legal status including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.    DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendix, the following definitions shall apply:

"2002 UAO" shall mean the Administrative Order for Remedial Design and Interim Remedial Action, Docket No. V-W-02-C-716, issued on September 30, 2002, and attached hereto as Appendix A.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Clayton Chemical Site" shall mean the property formerly owned and operated by Clayton Chemical Company with an address of 1 Mobile Avenue, Sauget, Illinois and which is now known as the RRG/CCC Site.

"Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and the appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Future Oversight Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States has incurred or will incur in connection with the 2002 UAO after July 31, 2014, for reviewing or developing plans, reports, and other items in connection with the 2002 UAO, overseeing remedial design, remedial action, and operation and maintenance activities undertaken by persons other than EPA under the 2002 UAO, or implementing, overseeing, or enforcing this Consent Decree, including but not limited to payroll costs, contractor costs, travel costs, laboratory costs, costs of attorney time, costs of securing access and/or securing or implementing institutional controls (including, but not limited to, the amount of just compensation), any payments to the State through a cooperative agreement, and Interest on all such costs.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at http://www.epa.gov/ocfopage/finstatement/superfund/int_rate.htm.

2

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid in connection with oversight of the 2002 UAO and recovery of such costs through July 31, 2014, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Sauget Area 1" shall mean six disposal areas and a creek in or around the villages of Sauget and Cahokia, Illinois, and adjacent, or in close proximity, to the Mississippi River known as Sites G, H, I, L, M and N, and Dead Creek segments A through F, and Borrow Pit Lake, collectively known as the Sauget Area 1 Superfund Site.

"Sauget Area 2" shall mean five disposal areas in or around the village of Sauget, Illinois, and adjacent, or in close proximity, to the Mississippi River known as Sites O, P, Q, R and S, collectively known as the Sauget Area 2 Superfund Site.

"Sauget Area 2 Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for Sauget Area 2 by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3), and previously established in prior settlements involving Sauget Area 2, including Paragraph 14 of *United States v. Afton Chem. Corp.*, Case No. 2006-cv-763 (S.D. Ill. Feb. 19, 2008) (partial consent decree with the Estate of Paul Sauget).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Pharmacia LLC (formerly known as Monsanto Company) and Solutia Inc.

"Settling Federal Agencies" shall mean the United States Air Force and the United States Department of Agriculture and their successor departments, agencies, or instrumentalities.

"Site" shall mean the groundwater contamination releasing to the Mississippi River adjacent to Sauget Area 2 disposal Site R and the resulting impact area as defined in the 2002 UAO as the "Operable Unit" or "OU" located in Sauget, St. Clair County, Illinois. A copy of the 2002 UAO is attached in Appendix A.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and Settling Federal Agencies.

## V.     PAYMENT OF RESPONSE COSTS

4.     Payment by Settling Defendants for Past Response Costs.  Within 30 days after the Effective Date, Settling Defendants shall pay to EPA $1,700,000, plus an additional sum for Interest on that amount calculated from July 31, 2014 through the date of payment.

5.     Settling Defendants shall make payment at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of Illinois after the Effective Date.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU will provide the payment instructions to Settling Defendants in accordance with Section XI (Notices and Submissions).  Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to Plaintiff in accordance with Section XI (Notices and Submissions).

6.     Notice of Payment.  At the time of payment, Settling Defendants shall send notice that payment has been made to Plaintiff in accordance with Section XI (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at cinwd_acctsreceivable@epa.gov, or by regular mail to:

> EPA Cincinnati Finance Office
> 26 W. Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 05XX, and DJ Number 90-11-2-06089/2.

7.     Deposit of Payment.  The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the Sauget Area 2 Special Account to be retained and used to conduct or finance response actions at or in connection with Sauget Area 2, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

8.     Payments by Settling Defendants for Future Oversight Costs

a.     Settling Defendants shall pay to EPA all Future Oversight Costs not inconsistent with the NCP.  On a periodic basis the United States will send Settling Defendants a bill requiring payment that includes an EPA Itemized Cost Summary detailing direct and indirect costs incurred by EPA, DOJ and their contractors.  Settling Defendants shall make all payments within 30 days of Settling Defendants' receipt of each bill requiring payment, except as otherwise provided in Paragraph 9.  Settling Defendants shall make all payments required by this Paragraph in the same manner as set out in Paragraph 5 and provide notice of payment as set out in Paragraph 6.

b.      The total amount to be paid by Settling Defendants pursuant to Subparagraph 8.a shall be deposited in the Sauget Area 2 Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site or Sauget Area 2, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

9.      Dispute Resolution for Future Oversight Costs.

a.      The dispute resolution procedures set forth in this Paragraph shall be the exclusive mechanism for resolving disputes regarding the Settling Defendants' obligation to reimburse the United States for its Future Oversight Costs.  Settling Defendants may contest payment of any Future Oversight Costs due under Paragraph 8 if they determine that the United States has made an accounting error or if Settling Defendants allege that a cost item that is included represents costs that are inconsistent with the NCP.  Such objection shall be made in writing within 30 days of receipt of the bill and must be sent to the United States pursuant to Section XI (Notices and Submissions).  Any such objection shall specifically identify the contested Future Oversight Costs and the basis for objection.

b.      In the event of an objection, Settling Defendants shall, within the 30 day period, pay all uncontested Future Oversight Costs to the United States in the manner described in Subparagraph 8.a.  Within 30 days after such payment, if informal dispute resolution has not resolved the dispute, Settling Defendants shall establish an interest-bearing escrow account in a federally-insured bank duly chartered in the State of Illinois and remit to that escrow account funds equivalent to the amount of the contested Future Oversight Costs.  Settling Defendants shall send to the United States, as provided in Section XI (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Oversight Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established, as well as a bank statement showing the initial balance of the escrow account.  Simultaneously with establishment of the escrow account, Settling Defendants shall initiate the Dispute Resolution procedures in Paragraph 9.a.  If the United States prevails in the dispute, within 5 days of the resolution of the dispute, Settling Defendants shall pay the sums due (with accrued interest) to the United States in the manner described in Subparagraph 8.a.  If Settling Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall pay that portion of the costs (plus associated accrued interest) for which it did not prevail to the United States in the manner described in Subparagraph 8.a; Settling Defendants shall be disbursed any balance of the escrow account.

c.      Informal Dispute Resolution.  Any dispute with respect to Future Oversight Costs shall in the first instance be the subject of informal negotiations between the United States and the Settling Defendants.

d.      Formal Dispute Resolution.

(1) Initiation.  If the dispute is not resolved by informal dispute resolution within 60 days after payment is due under Paragraph 8.a., either party may commence formal dispute resolution by sending a Notice of Formal Dispute Resolution to the other

parties to the dispute. The Notice of Formal Dispute Resolution shall be accompanied by a written Statement of Position by the party who serves the Notice, stating the basis of that party's position and citing all factual data, analysis, opinion or other material on which that party relies to support its position. The opposing parties shall have 30 days in which to serve a Response setting forth the same information supporting their position.

(2) Administrative Record and Decision. EPA shall maintain an administrative record of any dispute as to Future Oversight Costs for which formal dispute resolution has been initiated. The administrative record shall include the disputed bill and cost summary sent by EPA to the Settling Defendants, the Notice of Objection served by Settling Defendants, the Notice of Formal Dispute Resolution and accompanying Statement of Position, the opposing party's Response, and any other documents or information sent to EPA by Settling Defendants for inclusion in the record or relied on by EPA in reaching an administrative resolution of the dispute. The Director of the Superfund Division, EPA Region 5, will issue a final administrative decision determining whether the disputed Oversight Costs, or any part of them, shall be disallowed as inconsistent with the NCP or the result of an accounting error.

(3) Judicial Appeal. The Settling Defendants may appeal EPA's administrative decision pursuant to the preceding subparagraph to this Court within 20 days of receipt of EPA's decision. The Court's review of EPA's decision as to whether the disputed Future Oversight Costs are inconsistent with the NCP or the result of an accounting error shall be limited to EPA's administrative record. Applicable principles of administrative law shall govern whether any supplemental materials may be considered by the Court. The Court shall uphold EPA's decision unless it is arbitrary and capricious or otherwise not in accordance with law.

10.    Payments by Settling Federal Agencies.

a.    As soon as reasonably practicable after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay to EPA $9,600. The total amount to be paid on behalf of Settling Federal Agencies pursuant to this Paragraph shall be deposited by EPA in the Sauget Area 2 Special Account to be retained and used to conduct or finance response actions at or in connection with Sauget Area 2, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

b.    Interest. In the event that any payment required by Paragraph 10.a is not made within 120 days after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay Interest on the unpaid balance, with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

c.    The Parties to this Consent Decree recognize and acknowledge that the payment obligations of Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

Case 3:13-cv-00138-SMY-PMF   Document 317   Filed 05/19/15   Page 8 of 21   Page
ID #4229
Case 3:13-cv-00138-SMY-PMF   Document 310-1   Filed 03/11/15   Page 8 of 21   Page ID
#3958

## VI.   FAILURE TO COMPLY WITH CONSENT DECREE

11.   <u>Interest on Late Payments</u>. If any Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

12.   <u>Stipulated Penalty.</u>

a.   If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 11, $1,000 per day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York NY 10045
> Field Tag 4200 of the Fedwire message should read
> "D 68010727 Environmental Protection Agency"

c.   At the time of payment, Settling Defendants shall send notice that payment has been made to Plaintiff in accordance with Section XI (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at cinwd_acctsreceivable@epa.gov, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number 05XX, the CDCS Number, and DJ Number 90-11-2-06089/2.

d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

13.   If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

14.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

15.     The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several.  In the event of the failure of either Settling Defendant to make the payments required under this Consent Decree, the remaining Settling Defendant shall be responsible for such payments.

16.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.     COVENANTS BY PLAINTIFF

17.     Covenants for Settling Defendants by United States.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs or Future Oversight Costs.  These covenants shall take effect upon the Effective Date.  These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  These covenants extend only to Settling Defendants and do not extend to any other person.

18.     Covenant for Settling Federal Agencies by EPA.  Except as specifically provided in Section VIII (Reservation of Rights by United States), EPA covenants not to take administrative action against Settling Federal Agencies pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs or Future Oversight Costs.  This covenant shall take effect upon the Effective Date.  This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree.  This covenant extends only to Settling Federal Agencies and does not extend to any other person.

## VIII.     RESERVATION OF RIGHTS BY UNITED STATES

19.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to all matters not expressly included within Paragraph 17 (Covenants for Settling Defendants by United States) and Paragraph 18 (Covenant for Settling Federal Agencies by EPA).  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants, and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to:

        a.     liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

Case 3:13-cv-00138-SMY-PMF   Document 310-1   Filed 03/11/15   Page 10 of 21   Page ID #3960

   b.   liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs or Future Oversight Costs;

   c.   liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

   d.   criminal liability; and

   e.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

IX.   COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

20.   <u>Covenants by Settling Defendants</u>. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs, and this Consent Decree, including but not limited to:

   a.   any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b.   any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Illinois, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

   c.   any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

21.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

22.   <u>Covenant by Settling Federal Agencies</u>. Settling Federal Agencies agree not to assert any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to Past Response Costs and this Consent Decree. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the NCP.

23.   <u>Settling Defendants' Indemnification of the United States</u>.

   a.   Settling Defendants shall, upon the entry and approval of this Consent Decree, indemnify, save, hold harmless, and reimburse (but not defend) the United States for any

9

costs related to any claims or causes of action (including without limitation any claims by EPA or any other person pursuant to Sections 107 and 113(f) of CERCLA, 42 U.S.C. §§ 9607 and 9613(f), or any other applicable provision of federal or state law, whether by statute or common law) asserted against the United States by any other person or entity and relating to: (1) the release of hazardous substances from Sauget Area 1 and Sauget Area 2 as a result of wastes transported by RRG/Clayton Chemical personnel to Sauget Area 1 and Sauget Area 2 after 1975 alleged to be attributable to the release, threat of release, storage, or disposal of hazardous substances, pollutants or contaminants by, on behalf of, or otherwise in connection with the Settling Federal Agencies; and (2) contaminated groundwater resulting from the alleged release of hazardous substances from the Clayton Chemical Site alleged to be attributable to the release, threat of release, storage, or disposal of hazardous substances, pollutants or contaminants by, on behalf of, or otherwise in connection with the Settling Federal Agencies. The requirements of this subparagraph shall not apply to claims asserted against the United States: (1) for damages to natural resources; and (2) for property damage or bodily injury, or fear of same, on account of alleged exposure to CERCLA hazardous substances other than claims arising from the alleged negligent or wrongful acts or omissions of Pharmacia LLC and/or Solutia Inc. in performing response actions at Sauget Area 1 and/or Sauget Area 2.

b.      The United States shall notify Settling Defendants in writing of any claim that is filed against and served upon the United States that it reasonably believes is subject to this Paragraph within 120 days of the United States receiving written notice of such claim or service of a complaint. DOJ shall represent the United States with regard to any such claims or litigation. Where the United States and one or more of the Settling Defendants are defendants in the same action and are defending against the same claim(s), the United States agrees to provide Settling Defendants with a reasonable opportunity to discuss the possibility of jointly engaging expert witnesses. The United States further agrees not to settle any such claims or action without first notifying Settling Defendants of the United States' intent to settle any such action and providing Settling Defendants with a reasonable opportunity to discuss any proposed settlement with the United States.

24.     Claims Against De Micromis Parties. Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

25.     The waiver in Paragraph 24 (Claims Against De Micromis Parties) shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

a.    that such person has failed to comply with any EPA request for information or administrative subpoena issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b.    that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION

26.    Except as provided in Paragraph 24 (Claims Against De Micromis Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendants and Settling Federal Agencies), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

27.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which:

a.    Each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs and Future Oversight Costs.

b.    Each Settling Federal Agency has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree, and for (1) the release of hazardous substances from Sauget Area 1 and Sauget Area 2 as a result of wastes transported by RRG/Clayton Chemical personnel to Sauget Area 1 and Sauget Area 2 after 1975, and (2) contaminated groundwater resulting from the alleged release of hazardous substances from the Clayton Chemical Site.

28.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify Plaintiff in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify Plaintiff in writing within 10 days after service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify Plaintiff within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

29.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

XI.     NOTICES AND SUBMISSIONS

30.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

As to Plaintiff United States:

TO DOJ by email:     eescdcopy.enrd@usdoj.gov

TO DOJ by mail:

EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C.  20044-7611
Re:  DJ # 90-11-2-06089/2
*or by courier to*:
EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
601 D Street NW, Suite 2121
Washington, D.C.  20004
Re:  DJ # 90-11-2-06089/2
AND

12

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-6-19991

TO EPA:

THOMAS MARTIN
Associate Regional Counsel
U.S. Environmental Protection
   Agency-Region 5 (C-14)
77 West Jackson Blvd.
Chicago, IL 60604-3507
(312) 886-4273
         and
Stephanie Linebaugh
Remedial Project Manager
Superfund Division (SR-6J)
United States Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604

As to Settling Defendants:

Cathleen S. Bumb
Solutia Inc.
575 Maryville Centre Drive
St. Louis, MO  63141
         and
Jason A. Flower
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105-3433

XII.    RETENTION OF JURISDICTION

31.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

13

## XIII.    INTEGRATION/APPENDIX

32.     This Consent Decree and its appendix constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The 2002 UAO is attached to and incorporated into this Consent Decree as "Appendix A."

## XIV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

33.     This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

34.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV.    SIGNATORIES/SERVICE

35.     Each undersigned representative of a Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

36.     Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

37.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVI.   FINAL JUDGMENT

38.      Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 5TH DAY OF  MAY , 2015.

HON. STACI M. YANDLE
United States District Judge

15

Case 3:13-cv-00138-SMY-PMF    Document 310-1    Filed 03/11/15    Page 17 of 21    Page ID #3967

Signature page for Consent Decree in *United States v. Pharmacia, LLC*, No. 13-cv-138 (S.D. Ill.)

## FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

THOMAS MARIANI
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

for LETHIA GRISHAW
Chief
Environmental Defense Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

MICHAEL J. ZOELLER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 305-1478
michael.zoeller@usdoj.gov

JENNIFER E. POWELL
Trial Attorney
Environmental Defense Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20004
(202) 514-1978
Fax (202) 514-8865
jennifer.powell@usdoj.gov

Signature page for Consent Decree in *United States v. Pharmacia, LLC*, No. 13-cv-138 (S.D. Ill.)

_____
STEPHEN R. WIGGINGTON
United States Attorney
Southern District of Illinois


_____
NATHAN D. STUMP
Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois  62208
Tel: (618) 628-3700
Fax: (618) 628-3730
Nathan.stump@usdoj.gov

17

Signature page for Consent Decree in *United States v. Pharmacia, LLC*, No. 13-cv-138 (S.D. Ill.)

RICHARD C. KARL
Director, Superfund Division, Region 5
U.S. Environmental Protection Agency
77 W. Jackson Blvd.
Chicago, Illinois 60604

THOMAS MARTIN
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, Illinois 60604

Signature page for Consent Decree in *United States v. Pharmacia, LLC*, No. 13-cv-138 (S.D. Ill.)

**FOR PHARMACIA LLC**

**By: Solutia Inc., its Attorney-in-Fact**

February 3, 2015
Date

Name (print): Edwin Williamson
Title: Vice President
Address: 200 South Wilcox Drive
Kingsport TN 37660

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Jason Flower
Title: Attorney
Address: 190 Carondelet Plaza, Suite 600
Phone: St. Louis, MO 63105
email: 314-480-1769
jason.flower@huschblackwell.com

19

Signature page for Consent Decree in *United States v. Pharmacia, LLC*, No. 13-cv-138 (S.D. Ill.)

**FOR SOLUTIA INC.**

February 3, 2015
Date

Name (print): Edwin Williamson
Title: Vice President
Address: 200 South Wilcox Drive
Kingsport TN 37660

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Jason Flower
Name (print):
Title: Attorney
Address: 190 Carondelet Plaza, Suite 600
Phone: St. Louis, MO 63105
email: 314-480-1769
jason.flower@huschblackwell.com

20